IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brian Pepper,<br><br>      Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security Administration,[1]<br>      Defendant. | Civil Action No. 6:20-cv-4159-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed January 7, 2022, recommends the decision of the Commissioner be affirmed. ECF No. 21. On January 21, 2022, Plaintiff filed objections to the Report. ECF No. 22. On February 4, 2022, the Commissioner filed a response to Plaintiff's objections. ECF No. 23. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

---

[1] As noted by the Magistrate Judge, Kilolo Kijakazi recently became Commissioner of the Social Security Administration and is automatically substituted for Andrew Saul as Defendant. Fed. R. Civ. P. 25(d).

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*,

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for SSI on April 13, 2017, alleging disability as of October 24, 2011 (amended to April 13, 2017 at the hearing) due to Crohn's disease, obesity, anxiety disorder, depression, GERD, hypertension, atypical migraine headaches, and tobacco abuse. R[3]. at 14. Plaintiff's application was denied initially and upon reconsideration. A hearing was held on March 15, 2019 before an Administrative Law Judge ("ALJ"), but the ALJ's decision was reversed and the matter remanded by the Appeals Council to be heard by a different ALJ. R. at 12. A second

---

[3] Citations to the Record are denoted by "R."

hearing was held June 9, 2020, before ALJ Petri, and a denial decision issued June 25, 2020. R. at 9. Plaintiff requested review by the Appeals Council, which was denied, making ALJ Petri's decision the final decision of the Commissioner. Plaintiff filed this action December 1, 2020. ECF No. 1.

## **Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence and free of legal error. ECF No. 21. Plaintiff objects to the Report, arguing the ALJ failed to build a logical bridge between the evidence and the conclusion related to Plaintiff's non-exertional limitations, including time off task and limitations related to his Crohn's disease flares. ECF No. 29 at 3. He alleges the ALJ must address the longitudinal doctor-patient relationship when evaluating opinion evidence of Dr. Khandekar. *Id.* at 4. He further contends the ALJ cannot "substitute her lay opinion for a treating physician who is a medical expert" regarding the number of breaks or additional limitations Plaintiff would require during flares of his Crohn's disease. *Id.* Finally, Plaintiff "reiterates his argument that the Commissioner's final decision denying his application for benefits is constitutionally defective" and his case should be remanded for further proceedings "before a Constitutionally appointed ALJ." *Id.* at 6. The Commissioner replied, contending Plaintiff repeats the arguments he made in his initial briefs, which the Magistrate Judge considered but rejected, the Commissioner's decision was not constitutionally defective, and the ALJ's decision is supported by substantial evidence. ECF No. 23.

4

       *1) Constitutionality of ALJ appointment and decision*

As an initial matter, the court will address Plaintiff's contention regarding the constitutionality of the ALJ appointment. Plaintiff argues the Commissioner's decision denying benefits is defective because the statutory limitation on removal of the Commissioner in 42 U.S.C. § 902(a)(3) is unenforceable and President Biden removed Commissioner Saul on July 9, 2021. Therefore, he contends, Commissioner Saul's appointment was not constitutional and neither was his appointment of ALJs. The Magistrate Judge determined this argument does not provide a basis for remand, finding Plaintiff's reliance on *Selia Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), misplaced as the removal clause at issue was severable from the remainder of the statute. ECF No. 21 at 5. Further, the Report found the removal provision does not render Commissioner Saul's actions as head of the Social Security Administration, including decisions made by his ALJs, void. The Magistrate Judge determined Plaintiff had not presented facts showing he could be harmed by the unconstitutional removal provision, and in fact it could not have affected the ALJ"s decision in a material way. *Id.* at 6.

Plaintiff objects, arguing the Supreme Court held in *Selia Law* that "insulation from removal by an accountable President is enough to render the agency's structure unconstitutional." ECF No. 22 at 5 (citing *Selia Law*, 140 S. Ct. at 2204). The appropriate remedy for an adjudication tainted with an appointments violation, he contends, is a new hearing before a properly appointed official. He requests remand for further proceedings before a properly appointed ALJ.

In *Seila Law,* the Supreme Court held that the Consumer Financial Protection Bureau's ("CFPB") removal structure, which allowed the CFPB director to be removed by the President

5

only for "inefficiency, neglect of duty, or malfeasance of office," 12 U.S.C. § 5491(c)(3), violated separation of powers by insulating the director from removal by the President. *Id.* at 2197. Because 42 U.S.C. § 902(a)(3), the statute governing the Commissioner of Social Security's removal, contains a similar restriction on the President's ability to remove the Commissioner except for cause, Plaintiff contends § 902(a)(3) also violates separation of powers.

However, even assuming § 902(a)(3)'s removal provision is unconstitutional, remand is not necessarily required. In *Collins v. Yellen*, 141 S. Ct. 1761 (2021), decided the year after *Seila Law*, the Supreme Court considered a similar statute governing removal of Directors of the Federal Housing Finance Agency ("FHFA"). The *Collins* majority held that "[a]lthough the statute unconstitutionally limited the President's authority to remove the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the FHFA [ ] as void." *Id.* at 1787 (emphasis in original); *see also id.* at 1788, n.23 ("Settled precedent also confirms that the unlawfulness of [a] removal provision does not strip the Director of the power to undertake the other responsibilities of his office[.]" (citing *Seila Law*, 140 S.Ct. at 2207–2211)). Instead, to obtain reversal of an agency decision, a plaintiff would need to demonstrate "compensable harm" flowing from the unconstitutional removal clause. *See id.* at 1788–89 (remanding for further proceedings to determine whether compensable harm to Plaintiff occurred due to the President's inability to remove a Director of the Federal Housing Finance Agency except for cause).

Here, Plaintiff has made no showing of any possible compensable harm flowing from § 902(a)(3). Nor is it likely Plaintiff could do so, because the President's choice of Social Security

Commissioner has very little impact on any particular ALJ or Appeals Council decision. *Cf. Collins*, 141 S. Ct. at 1802 (Kagan, J. concurring) ("[G]iven the majority's remedial analysis, I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone.... When an agency decision would not capture a President's attention, his removal authority could not make a difference."). Courts across the country have uniformly concluded that the allegedly unconstitutional nature of § 902(a)(3) does not require remand. *See, e.g., Katrina R. v. Comm'r of Soc. Sec.*, No. 2:21-CV-4276, 2022 WL 190055, at *5 (S.D. Ohio Jan. 21, 2022); *Crawford v. Comm'r of Soc. Sec.*, No. 2:21-CV-726, 2021 WL 5917130, at *8 (S.D. Ohio Dec. 14, 2021); *Rhouma v. Comm'r of Soc. Sec.*, No. 4:20-CV-2823, 2021 WL 5882671, at *11 (N.D. Ohio Dec. 13, 2021); *Helms v. Comm'r of Soc. Sec.*, C/A No. 3:20-cv-00589-MOC, 2021 WL 5710096, at *2–3 (W.D.N.C. Dec. 1, 2021). *Lisa Y. v. Comm'r of Soc. Sec.*, __ F. Supp. 3d __, No. C21-5207-BAT, 2021 WL 5177363, at *5 (W.D. Wash. Nov. 8, 2021); *Robinson v. Kijakazi*, No. 1:20-CV-00358-KDB, 2021 WL 4998397, at *3 (W.D.N.C. Oct. 27, 2021); *Alice T. v. Comm'r Soc. Sec.*, No. 8:21CV14, 2021 WL 5302141, at *18 (D. Neb. Nov. 15, 2021); *Standifird v. Comm'r of Soc. Sec.*, No. 20CV1630-GPC(BLM), 2021 WL 5634177, at *3 (S.D. Cal. Dec. 1, 2021).

As noted by the Magistrate Judge, Plaintiff has failed to point to any authority in this circuit remanding an ALJ's decision as constitutionally defective due to § 902(a)(3). The court therefore agrees with the Magistrate Judge this is not a basis for remand and Plaintiff's objection is overruled.

*2) Limitations in RFC*

The Magistrate Judge determined, after examining several aspects of the RFC complained of by Plaintiff, that the RFC assessment is supported by substantial evidence and free from legal error. ECF No. 21 at 20. The Report determined the RFC and ALJ's decision permitted meaningful judicial review and included a narrative describing how the evidence supported it. *Id.*

Plaintiff objects to the Report's finding the ALJ appropriately explained how Plaintiff's fatigue/low energy was accounted for and noted the medical records did not support additional limitations. *Id.* at 1-2. Plaintiff contends the ALJ did not supply the logical bridge between the evidence and her conclusion, particularly as it relates to Plaintiff's non-exertional limitations, including time off task and limitations related to his Crohn's disease flares. *Id.* at 3. He also argues, citing *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377 (4th Cir. 2021), that the ALJ did not engage in a function-by-function analysis or follow the regulatory framework in 20 C.F.R. § 404.1545 and SSR 96-8p. *Id.*

The court agrees with the Magistrate Judge the ALJ sufficiently supported her findings regarding fatigue/low energy, time off task, and limitations, including bathroom breaks, for flares of his Crohn's disease. In explaining the RFC formulation, the ALJ discussed Plaintiff's low energy in assessing his depression, his fatigue, and his needed time off task for bathroom breaks. R. at 22-23. She queried the vocational expert about needed bathroom breaks in the context of time off task. R. at 23. Based on these and other factors, the ALJ limited Plaintiff's RFC to simple, routine tasks performed two hours at a time without fast-paced production work, and noted he would be off-task less than 10% of the day in addition to regularly scheduled breaks. In addition,

8

contrary to Plaintiff's argument and distinguishable from *Dowling*, the ALJ here did a function-by-function analysis in addressing the mental and physical impairments and formulating an RFC based on her analysis of SSRs 96-7p, 96-8p, and 96-9p. *Id.* Plaintiff's ability to sit, stand, walk, lift, twist, stoop, bend, crouch, and climb ladders were all discussed and assessed within the RFC formulation. R. at 23-24. The ALJ also detailed how the record evidence supported the conclusions in the RFC and logically explained the medical and non-medical evidence.

For the reasons above, the court agrees with the Magistrate Judge the RFC is supported by substantial evidence and does not contain legal error as to Plaintiff's objections regarding his fatigue/low energy and non-exertional limitations. Plaintiff's objection is overruled.

### 3) *Opinion Evidence of Dr. Khandekar*

Last, Plaintiff objects to the ALJ's analysis of the opinion evidence, specifically that of Dr. Khandekar, contending the ALJ was required to weigh the length of the provider's relationship with the claimant, frequency of examinations, purpose of treatment, extent of treatment, and examining relationship in assessing medical opinions. ECF No. 22 at 3-4. In addition, Plaintiff argues the ALJ did not "adequately discuss the persuasiveness of Dr. Khandekar's opinion or the limitations therein." *Id.* at 5.

The Report, however, found new SSA regulations applicable to applications filed after March 17, 2017, do not require an ALJ to explicitly consider factors other than supportability and consistency, and the ALJ is not required to give special significance to a treating physician's opinion. ECF No. 21 at 8 (citing 20 C.F.R. § 416.920c and 20 C.F.R. § 416.927). After considering the ALJ's discussion of Dr. Khandekar's opinion, the Report found Plaintiff's

9

objection unavailing and the ALJ's evaluation of Dr. Khandekar's opinion supported by substantial evidence and without legal error. The Government agreed with the Report's conclusion. ECF No. 23 at 3.

For claims filed on or after March 27, 2017, no specific evidentiary weight is given to medical opinions; instead, medical opinions are evaluated using the following factors: supportability, consistency, relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, extent, and examining relationship), specialization, and other factors tending to support or contradict a medical opinion. 20 C.F.R. § 416.920c. Supportability by relevant objective medical evidence and explanations, and consistency with evidence from other medical and nonmedical sources, are the two most important factors. The factors of relationship, specialization, and others may be considered and explained but this is not required. *Id.* at § 416.920c(b)(2).

The ALJ discussed Dr. Khandekar's opinion via Physician's Questionnaire dated January 22, 2019. R. at 23. She found the opinion persuasive, and "generally adopted" the limitations therein, including time off task for pain and bathroom breaks. However, she noted greater limitations of the RFC during a flare were not supported by longitudinal evidence and findings. R. at 24. She specifically discussed supportability and consistency of Dr. Khandekar's opinion with the medical records.

Plaintiff contends "this Court has found the ALJ is required to weigh the provider's length of relationship with the claimant, frequency of examinations, purpose of treatment, extent of treatment, and examining relationship n assessing medical opinions under 20 C.F.R. § 416.920c,"

10

citing *Stanley v. Kilolo Kijakazi*, No. 5:20-cv-3030, 2021 U.S. LEXIS 232941 at *3 (D.S.C. Dec. 6, 2021).[4] However, the court finds reliance on this statement in the *Stanley* opinion mischaracterizes its findings. On page three, Judge Gergel does mention the above factors as "additional factors to be weighed"; however, he also acknowledges in the same paragraph that the most important are consistency and supportability. *Stanley*, 2021 WL 5768650, at *1. Later in the order, while discussing the doctor's opinions, Judge Gergel remanded when he found there was no assessment of consistency or supportability of a physician's opinion, and noted "*although the Commissioner is not obligated to address explicitly regulatory factors other than consistency and supportability* (which the ALJ failed to do), it is noteworthy that Dr. Forsthoefel's opinions were based on a long treatment and examining relationship, which surely provides additional weight for his opinions." *Id*. at *3 (emphasis added). Therefore, this court finds the *Stanley* opinion does not provide support for Plaintiff's argument regarding the other factors in § 416.920c.

Finally, Plaintiff argues the ALJ did not appropriately consider Dr. Khandekar's opinion regarding the number of breaks or additional limitations during flares  He notes neither the ALJ nor the Magistrate Judge "have the competency to evaluate raw medical data in functional terms." ECF No. 22 at 4. However, the ALJ appropriately found the limitations during breaks on which Dr. Khandekar opined to be unsupported by the medical record evidence. This is an appropriate analysis of supportability by reviewing the medical evidence and not a medical determination

---

[4] *Stanley* is also available at 2021 WL 5768650.

itself. Therefore, the court finds Plaintiff's objections regarding Dr. Khandekar's opinion unavailing.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
February 9, 2022

12